[S. F. No. 10413. In Bank.—October 6, 1922.]

JOHN J. CASTAGNETTO, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF MARIPOSA et al., Respondents.

[1] ELECTION LAW—BALLOT MARKED WITH PENCILED CROSS—CONSTRUCTION OF DIRECT PRIMARY LAW.—Notwithstanding the use of the words "stamping," "stamp" and "stamped" in section 18 of the direct primary law, the provision therein that "no ballot shall be rejected for any technical error which does not render it impossible to determine the voter's choice" is sufficiently liberal in its terms to permit the acceptance and counting of a ballot which the voter has marked with a penciled cross.

APPLICATION for a Writ of Certiorari to review a recount in a contest of nomination.  J. J. Trabucco, Judge.  Denied.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto for Petitioner.

THE COURT.—Conceding without deciding the question of the jurisdiction of this court to entertain the application herein for a writ of review, we are satisfied that the petition should be denied.

[1] The sole contention of the petitioner is that in counting the ballots in a contest pending before it, following the recent primary election, the superior court has illegally counted certain ballots not stamped, but marked with a pencil cross, by reason of which the result of the primary election as declared by the board of supervisors of the county has been changed, and the petitioner has been deprived of the nomination for the office of sheriff.

There is no merit in this contention. The petitioner relies upon the decision of this court in *Sweetser* v. *Pacheco,* 172 Cal. 137, 141 [155 Pac. 639], a case which arose by reason of a contest following the general election of November 3, 1914. It was there held, construing section

Kind of mark for candidate as affecting validity of ballot, note, Ann. Cas. 1918A, 1131, 1160, 1165.

Irregularities in marking official ballot, note, 47 L. R. A. 806.

1205 of the Political Code, which relates to the manner in which a voter shall prepare his ballot at general elections, that the only way in which a voter can indicate his intention to vote for a particular candidate is by stamping a cross in the voting square opposite the name of such candidate. Said section 1205 contains the provision that "all crosses shall be made only with a stamp," and is mandatory in that regard.

There is no such provision in the law governing primary elections. Section 18 of the direct primary law provides as follows:

"Sec. 18. The voter shall designate his choice on the ballot by stamping a cross (X) in the small square opposite the name of each candidate for whom he wishes to vote. If he shall stamp more names than there are candidates to be nominated for any office, or if for any reason it be impossible to determine his choice for any office, his ballot shall not be counted for such office, but the rest of his ballot, if properly stamped, shall be counted. No ballot shall be rejected for any technical error which does not render it impossible to determine the voter's choice, nor even though such ballot be somewhat soiled or defaced." (Stats. 1913, p. 1379.)

Notwithstanding the use of the words "stamping," "stamp" and "stamped" in the section, the provision therein that "no ballot shall be rejected for any technical error which does not render it impossible to determine the voter's choice," to our mind, is sufficiently liberal in its terms to permit the acceptance and counting of· a ballot which the voter has marked with a pencil cross. While the use of such penciled cross by the voter in primary elections is a departure from the requirements of the foregoing section, it is, in our opinion, a merely technical error on the part of the voter which does not render it impossible to determine the voter's choice.

The application is denied.

Lawlor, J., Lennon, J., Waste, J., and Richards, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.